No. 58069.—Import & Export Service Co. *v.* United States, protest 177174–K (Detroit).

LAWRENCE, Judge: Certain imported clock movements without jewels represented by the items marked "A" and checked "CCT" by Examiner Clarence C. Terry on the invoices accompanying the entries covered by this protest were classified by the collector of customs as clock movements, valued at more than $10 each, and duty was imposed thereon at the rate of 65 per centum ad valorem, plus $4.50 each, pursuant to the provisions of paragraph 368 (a) (1) (2) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 368 (a) (1) (2)).

Plaintiff claims that the clock movements in controversy are not valued at more than $10 each; that the collector erroneously added the cost of the cases and packing to the value of the movements *per se*; and that said movements should have been assessed for duty at the rates applicable thereto, when valued at less than $10 each, as provided in said paragraph 368.

An examination of the record discloses that the involved movements were appraised at the invoiced and entered values which included the cost of cases and packing.

In view of the foregoing considerations, defendant contends that the case is governed by the decision of our appellate court in *The Murray Co. v. United States*, 22 C. C. P. A. (Customs) 242, T. D. 47157.

In that case, the question for determination was whether certain merchandise should be classified for duty by the collector of customs as open-hearth steel sheets, valued at above 8 and not above 12 cents per pound, or as such steel sheets, valued at above 5 and not above 8 cents per pound, as claimed by the importer.

In affirming our decision in that case, our appellate court said in part—

The case was submitted to the trial court upon the official record, no evidence being introduced by either party. From such record we find, and appellant in the brief of its counsel admits, that the appraiser checked the entered value as correct, viz, $971.77, which included the sum of $51, being the cost of packing.

It is conceded by appellant that if the sum of $51 was a part of the appraised value as returned by the appraiser, and if that sum is proper to be considered in determining the rate of duty to be assessed upon the merchandise in question, the final appraised value was more than 8 cents per pound and the protest was properly overruled by the trial court.

In its decision, the appellate court also took occasion to distinguish the case of *L. Heller & Son (Inc.) v. United States*, 20 C. C. P. A. (Customs) 257, T. D. 46058, as indicated below:

We there held that, in view of the facts of record, the cost of the containers there involved was not included by the appraiser in the final appraised value of the merchandise; and that, in determining the rate of duty to be assessed against the merchandise, the collector had no authority to add, as he did, the cost of the container to the final appraised value.

In the case at bar there is nothing to indicate that, in his determination of the rate of duty to be assessed against the merchandise, the collector added the cost of the 85 packing cases to the final appraised value. On the contrary, the report of the appraiser, and other facts of record, hereinbefore set forth, establish that the cost of the packing cases was included in the final appraised value returned by the appraiser. Accordingly, the decision in the case of *Heller v. United States*, *supra*, is not controlling of the issues here.

Further, the court observed—

Section 503 (c) provides that, for the purpose of determining the rate of duty to be assessed upon any merchandise, the final appraised value shall, except as provided in section 562, be taken to be the value of the merchandise.

As observed in the *Heller* case, section 503 (c) is new in the Tariff Act of 1930, and it appears from Committee Report No. 7 of the 71st Congress, page 176, which accompanied H. R. 2667 (which bill in an amended form became the Tariff Act of 1930), that the purpose in adding the provision in section 503 (c) was to

make the rate to be applied to merchandise dependent upon the final appraised value, even though it were less than the entered value.

In view of the provisions of section 402 of the Tariff Act of 1930, and those of section 503 (c), *supra*, we are of opinion that the cost of the containers was properly included by the appraiser in the "final appraised value" of the merchandise here in question, and that it was clearly the duty of the collector, appellant not having appealed to reappraisement, to determine the rate of duty applicable to the merchandise, as he did, upon the basis of the "final appraised value" returned by the appraiser.

As stated above, the record before us establishes that the cost of the cases and packing was included in the final appraised value of the merchandise in controversy as returned by the appraiser and that the collector relied upon that value in determining whether the clock movements in issue were valued at more than $10 each for duty purposes, in accordance with the rule laid down in the *Murray* case, *supra*.

Plaintiff has filed a "Notice of Failure to File Brief" herein in which it is stated that "This action has been taken by reason of the decisions in" the cases of *The Murray Co.* v. *United States, supra*, and related cases.

In harmony with the ruling in the *Murray* case, *supra*, we overrule the protest in all respects and affirm the decision of the collector.

Judgment will be entered accordingly.